UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Benjamin M. Maraan, II, *et al.*,

    Plaintiffs,

v.

The Office of the Ohio Disciplinary
Counsel for the Supreme Court
of the State of Ohio, *et al.*,

    Defendants.

Case No. 1:18cv645

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon the Motion to Dismiss filed by Defendants the Ohio Office of Disciplinary Counsel, Disciplinary Counsel Scott Drexel, and Assistant Disciplinary Counsel Donald Scheetz. (Doc. 6). Plaintiffs filed a Response in Opposition (Doc. 11) and Defendants filed Reply (Doc. 14). Thereafter, Plaintiffs filed a Supplement to the Record. (Doc. 17).

## I. BACKGROUND

On August 29, 2018, Defendant Ohio Office of Disciplinary Counsel sent a "Letter of Inquiry" to Plaintiff Benjamin M. Maraan, II. (Doc. 1-1, PAGEID 107). The letter explains that the Office of Disciplinary Counsel is investigating allegations of misconduct which had come to its attention. (Id.) Plaintiffs Maraan, Charles H. Deters, and Eric C. Deters bring constitutional claims pursuant to 42 U.S.C. § 1983 based upon Defendants' investigation of Maraan. Plaintiffs claim violations of the Fourteenth Amendment based upon Defendants' disparate investigatory practices and retaliation. Plaintiffs seek injunctive relief in their Complaint, but failed to follow Local Rule 65.1, which requires a

separate pleading requesting such relief.  See S.D. Ohio Civ. R. 65.1(b) ("Motions for temporary restraining orders or preliminary injunctions shall be made in pleadings separate from the complaint and in accordance with this Rule.").  Defendants move to dismiss Plaintiffs' claims based upon failure to state a claim.

## II. ANALYSIS

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  Federal Rule of Civil Procedure 8 provides that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).

### B. *Younger* abstention doctrine

Defendants maintain that this Court should abstain from reviewing Plaintiffs'

Fourteenth Amendment challenges to the underlying and ongoing disciplinary proceedings pursuant to the *Younger* doctrine.

As the Sixth Circuit has explained: "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). The Supreme Court has extended the doctrine to ongoing administrative proceedings such as attorney disciplinary proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434-35, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Therefore, this case falls into one of the three categories requiring abstention which were identified in *New Orleans Public Service, Inc. v. Council of New Orleans ("NOPSI")*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).

The Sixth Circuit has instructed that once a court determines that a case falls into a *NOPSI* category in which *Younger* abstention may be proper, the court should then analyze the case using the following three-factor test: If "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims," a court may abstain from hearing the federal claim. *Aaron v. O'Connor*, 914 F.3d 1010, 1018 (6th Cir. 2019) (quoting *Doe*, 860 F.3d at 369).

Plaintiffs argue that the first and third factors have not been met. As to the first factor, Plaintiffs explain that a formal complaint has not been filed against Maraan, so the state proceedings are not "currently pending." Plaintiffs rely on the following language from the Sixth Circuit: "But a finding of probable cause does not necessarily mean a formal

3

proceeding exists. In the absence of an ongoing enforcement action, *Younger* has no role to play, leaving us with authority, indeed an obligation, to resolve the case." *Winter v. Wolnitzek*, 834 F.3d 681, 688 (6th Cir. 2016).

However, in response to the Court's Status Report Order, the parties explained that Plaintiffs have declined to provide Disciplinary Counsel with an express waiver of confidentiality which would permit Defendants to either confirm or deny the existence of a grievance or investigation filed against Maraan. (Doc. 21, PAGEID 330). Absent any information on the status of the proceedings from Plaintiffs, the Court must conclude that the disciplinary proceedings are ongoing.

As to the third factor, Plaintiffs also argue the state proceedings will not provide an adequate opportunity to raise their constitutional claims because the proceedings will not be fair and impartial. Plaintiffs bear the burden of showing 'that the state procedural law barred presentation of its claims.'" *Id*. (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)). Plaintiffs have not met that burden here. The Court concludes that the state proceedings provide the plaintiffs an adequate opportunity to raise their constitutional arguments, and therefore *Younger* abstention applies.

Plaintiffs maintain that one of the exceptions to the *Younger* doctrine applies: bad faith and harassment. *See Doe v. Univ. of Kentucky*, 860 F.3d at 371 (citing *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996)). However, on the current record, Plaintiffs have not shown a pattern of bad faith prosecution and harassment. As this Court has noted, cases where bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine "are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state

4

appellate processes before seeking relief in federal court." *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010). This Court has cited two examples where this exception was applicable: "a Texas city police investigation in which officers repeatedly engaged in searches and seizures which they knew to be unlawful and beyond the scope of statutory authority, and a Southern District of Ohio case in which the county prosecutors had filed twelve separate actions against the federal plaintiffs in order to harass the plaintiffs and drain them of all of their financial resources." *Id*. at 973-74 (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82 (5th Cir.1992); *Video Store, Inc. v. Holcomb*, 729 F.Supp. 579, 580 (S.D.Ohio 1990)). As another example of this harassment exception, the Sixth Circuit has cited a case discussed in *Younger* itself: *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). *Doe v. Univ. of Kentucky*, 860 F.3d at 371. As the Sixth Circuit explained, *Dombrowski* involved repeated threats by prosecutors which were designed to discourage individuals from asserting their constitutional rights. *Id*. (citing *Younger*, 401 U.S. at 48). Those types of repeated threats, or other similar actions, are not alleged here. Therefore, *Younger* abstention is warranted in this case.

While the Court finds that *Younger* abstention is proper, the Court also finds that this matter should be stayed until the conclusion of the state disciplinary proceedings, rather than be dismissed. *See Kalniz*, 699 F. Supp. 2d at 975 (explaining that where a plaintiff is bringing constitutional civil rights claims in a federal court case in which *Younger* abstention was proper, the stay protects against the possibility that the statute of limitations could deprived the plaintiff of the opportunity to present the merits of her damages claims); *see also Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x

5

201, 206 (6th Cir. 2001) (and cases cited therein).

### III. CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by Defendants the Ohio Office of Disciplinary Counsel, Disciplinary Counsel Scott Drexel, and Assistant Disciplinary Counsel Donald Scheetz (Doc. 6) is **GRANTED** to the extent that Defendants seek a stay of this matter under *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). This matter is hereby **STAYED** until further order of the Court. The parties are **ORDERED** to provide the Court with a status report within **ten (10) days** of the conclusion of any disciplinary proceedings involving Plaintiff Benjamin M. Maraan, II.

**IT IS SO ORDERED.**

>                  */s/ Michael R. Barrett*
> JUDGE MICHAEL R. BARRETT